IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SEAN PATRICK REILLY,

    Plaintiff,

vs.                                        Case No. 4:11cv330-WS/WCS

LARRY CAMPBELL,
LUIS MORENO, et al.,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Petitioner sought to initiated a new case in this Court on July 7, 2011.  Doc. 1. Petitioner simultaneously submitted an *in forma pauperis* motion, doc. 2, with the complaint.

Plaintiff should be well aware that he is not entitled to proceed *in forma pauperis*. Case 1:10cv237 was dismissed as an abuse of the judicial process on May 26, 2011, because Plaintiff failed to honestly disclose his prior cases.  Doc. 39 of that case.  It was also dismissed because the complaint failed to state a claim.  *Id.*  Plaintiff also filed case 4:10cv519, nearly simultaneously with case 1:10cv237, against the same defendants and presenting the same claims.  That case was dismissed on May 31, 2011, on

Plaintiff's filing of a notice of voluntary dismissal, doc. 24, which he filed only after receipt of the report and recommendation I entered in that case because Plaintiff failed to disclose his prior cases.  Doc. 21.  Plaintiff was permitted to voluntarily dismiss this case, but it did not change the fact that Plaintiff already had acquired three "strikes" under 28 U.S.C. § 1915(g).

The report and recommendation of case 4:10cv519 explained that Plaintiff had omitted important information.  Doc. 21 of that case.  Plaintiff failed to disclose cases which has been dismissed as frivolous, malicious, failing to state a claim, or prior to service.  Plaintiff filed case 1:09cv233 in this Court while Plaintiff was incarcerated at the Leon County Jail.  The case was dismissed on December 23, 2009, prior to service for lack of subject matter jurisdiction.  Because the case was found to be without legal merit, it "meets the criteria of the criteria of Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), for a frivolous action, i.e., one based on an 'indisputably meritless legal theory' or lacking an 'arguable basis in law.'  *Id.* at 327, 328, *quoted in* Tate v. Alabama, 2010 WL 3086316, 1 (S.D.Ala., July 10, 2010).  Such a dismissal should count as a "strike" under 28 U.S.C. § 1915(g), *see* Tate v. Bivins, 2008 WL 2705388, 1 (S.D.Ala., July 10, 2008).

Plaintiff also filed case 4:10cv69 while detained at the Leon County Jail, and it was dismissed on March 30, 2010, for lack of subject matter jurisdiction and for failure to state a claim.  This case counts as a strike under 28 U.S.C. § 1915(g).

Plaintiff filed case 4:10cv313 in this Court while detained at the Leon County Jail.  That case was also dismissed for lack of subject matter jurisdiction and for failure to

state a claim and also counts as a strike under 28 U.S.C. § 1915(g).  This dismissal brings Plaintiff's strike count to four.

Plaintiff is not entitled to proceed *in forma pauperis* in federal court unless he is in imminent danger of serious physical injury.  Because Plaintiff is currently housed in the Bay Correctional Facility and all Defendants in this case are at the Leon County Jail, he is not under any such danger.

Moreover, a cursory review of Plaintiff's complaint here in this case, doc. 1, reveals he is once again attempting to bring the same claims previously dismissed in case 1:10cv237.  Magistrate Judge Gary Jones explained at length why Plaintiff's claims failed.  *See* doc. 39 of that case.  Plaintiff's attempting to pursue this claim again is bad faith and malicious.  Plaintiff is warned that further such efforts may result in additional sanctions against him.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff must pay the filing fee for this case at the time of case initiation because Plaintiff has more than three cases dismissed as "strikes" under 28 U.S.C. § 1915(g),[1] and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was

---

[1] A prisoner is entitled to *in forma pauperis* status only if he demonstrates the inability to pay the filing fee, 28 U.S.C. § 1915(a)(1), and has not "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the united States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:11cv330-WS/WCS

dismissed under 28 U.S.C. § 1915(g) and Plaintiff is no longer entitled to *in forma pauperis* status absent the statutory exception.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2011.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**